EASTERN DIST.
May, 1840.

· TERRILL
vs.
BONNABELL.

TERRILL *vs.* BONNABEL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where it appears from the record, that complete justice has not been done between the parties, and the trial being by jury, this court will not render final judgment, but remand the case for a new trial.

This is an action of damages against the defendant, for building on the wall of the plaintiff, and breaking and injuring it so as to render his house untenantable; and for

EASTERN DIST.
*May*, 1840.
───────
TERRILL
*vs.*
BONNABEL.

stopping up his windows, and obstructing his chimneys, and causing them to smoke; also in constructing his own windows, and leaving openings in the common wall between them, from which filth and dirty water is constantly thrown upon petitioner's roof, and into his yard. He prays judgment for five thousand dollars damage, and that the defendant be required to close up his windows and openings in the wall.

The defendant averred, that he had acquired, for a valuable consideration, the use of the plaintiff's wall, and has taken all the necessary precaution in building, to prevent injury and damage; and that if any actual damage has accrued, he is by no means answerable therefor. He further averred, that his windows and openings were in his own wall, and placed as he had a right to do, and positively denied that the plaintiff received any injury, or that any filth or dirty water was ever thrown from them. He pleads a suit brought against him by the plaintiff in one of the city courts, as settling all these matters, and as *res judicata.* Upon these pleadings and issues, the cause was first tried before the court.

The following comprises a brief synopsis of the facts and evidence, from the statement of the district judge :

" Terrill, the plaintiff, is owner of a house and lot in Tchoupitoulas-street, and Bonnabel is the adjoining proprietor. It was found that the wall of Terrill's house stood, at the front, three inches on Bonnabel's ground ; and in the rear, thirteen inches. They entered into an agreement, to avoid difficulties, that the wall, and the land on which it stood, should be common property.

Beside the front, or main building, Terrill has extensive back buildings, adapted to a tavern, in which was a dining, and sleeping rooms.

The wall of the back building has a foundation of two and a half or three bricks, and the wall was one and a half brick thick, and two low stories in height. It has been built ten years. In the summer of 1832 and the winter of 1833, Bonnabel erected a four story front and back buildings.

Finding the foundation and wall of Terrill's back building insufficient to support the intended structure, Bonnabel put another foundation and a new wall on his own land, adjoining the foundation and wall of Terrill's back building. After he had raised the new wall to the height of Terrill's old wall, he spread his wall over the old and new wall. The wall of Bonnabel is thirty feet higher than that of Terrill. Before Bonnabel had raised his new house, and before any thing was done to the back buildings, Trudeau, his undertaker, died. The widow employed a person of the name of Scribner, to finish the job. Scribner gave the brick wall to one Johnson. Both of these persons are deceased.

The wall of Terrill's back building has settled very much : it is said, as much as six inches. The joists are drawn out of the wall so as to have very little hold on the wall, and the floor is in danger of falling.

The house is rendered uninhabitable. Two builders, witnesses for plaintiff, are of opinion that the building must be taken down and reconstructed, which would occasion a cost of two thousand dollars. Two witnesses, for defendant, are of opinion that the joist holes in the wall may be cut, and the joists and floor raised so as to make the building nearly as good as ever, for three hundred and fifty dollars.

Bonnabel has also inserted windows in the wall raised above the common wall of the front building, and plaintiff complains that defendant is not entitled to have these windows, and demands that they be shut up. He also complains that nuisances are thrown out of these windows on his roof, whereby he is prevented from using his rain water."

There was no proof that the present damages were the subject matter of the suit in the city court, and relied on as *res judicata*.

This cause was once tried in part, but the judge presiding was of opinion it was of great importance in settling principles, set it down for further evidence and argument. Since that time, Terrill sold the property to Banks ; which fact was pleaded in a peremptory exception, by the defendant.

The plaintiff then discontinued so much of his case as

relates to the nuisance and windows, and prosecutes it for the injury done to the wall of the back buildings, and consequently to the buildings themselves.

The district judge was of opinion the defendant violated the law. When he found that Terrill's wall would not support his more lofty building, he should have taken it down, and put up a new and sufficient one. Judgment was given, allowing the plaintiff fifteen hundred dollars for the injury he had sustained. A rule was taken for a new trial, and to obtain further evidence, and the case was reinstated, and put on the jury docket.                                        •

It was finally submitted to a jury, who returned a verdict for the defendant; and from judgment thereon the plaintiff appealed.

*Preston* and *Roselius,* for the plaintiff.

*D.* and *J. Seghers,* contra. .

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejects his claim for damages and reparation, on account of the defendant's building on his wall so as to crush and break it, and stopping up his chimneys, and opening windows, from which water and filth are thrown on to his house and into his yard. He alleges, that he has amicably demanded from the defendant to close up his windows and openings in his wall, and to run up the flues of petitioner's chimneys, and to indemnify him for breaking his wall.

The defendant denies that he caused the injury complained of, and expressly avers that the plaintiff forbid his chimneys and wall to be run up. He denies having constructed windows or left openings in the common wall, and that they are in his own property, and constructed in the manner he had a right to do. He also avers, that if any damages have been caused to the plaintiff, they have been settled in a suit between them, which he pleads as *res judicata.*

The plaintiff, at the trial, discontinued so much of his demand as relates to the nuisance from the windows and

stopping his chimneys, and prosecutes suit for the injury done to his walls, and especially the back buildings.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

From a careful examination of the evidence in the record, it does not appear to us that complete justice has been done, and, as the case was tried by a jury, we do not feel authorised to render a final judgment, but think that justice requires it should be remanded for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; the verdict set aside ; and it is further ordered and decreed, that this case be remanded for further proceedings according to law, the defendant and appellee paying the costs of the appeal.

EASTERN DIST.
*May*, 1840.

Where it appears from the record, that complete justice has not been done between the parties, and the trial being by jury, this court will not render final judgment, but remand the case for a new trial.